## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMERICAN CIVIL LIBERTIES
UNION FUND OF MICHIGAN,

      Plaintiff,

                                       Case No.

vs.

                                       Hon.

LIVINGSTON COUNTY,
BOB BEZOTTE in his official capacity
as Livingston County's sheriff, and
TOM CREMONTE, in his individual
capacity and in his official capacity as
Livingston County's jail administrator,

      Defendants.

_____/

## VERIFIED COMPLAINT

Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
American Civil Liberties Union Fund
  of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org
msteinberg@aclumich.org

Attorneys for Plaintiff

## INTRODUCTION

1.      At the height of the Cold War, the United States Supreme Court famously declared that "There is no iron curtain drawn between the Constitution and the prisons of this country."  Unfortunately, as this Complaint demonstrates, the Livingston County Jail is essentially holding its inmates incommunicado from meaningful correspondence from civil rights organizations such as Plaintiff American Civil Liberties Union Fund of Michigan ("ACLU"), thereby denying inmates access to important legal assistance and denying the ACLU the right to communicate with inmates about how they are being treated by their jailers.

2.      The Livingston County Jail severely restricts inmate communication with the outside world through a "postcard only" mail policy, which limits all incoming and outgoing mail to one side of a tiny 4-by-6-inch postcard.  Although the jail's written policy purports to make an exception for legal mail, in fact Defendants do not allow ACLU attorneys to write letters to inmates regarding the constitutionality of their conditions of confinement, including letters that would address the constitutionality of the postcard-only policy itself.

3.      This already highly restrictive mail policy is thus being applied by Defendants in a self-serving manner that threatens to undermine the role of courts and public interest attorneys in subjecting problematic jail policies to the scrutiny that our system of checks and balances requires.  By prohibiting ACLU attorneys

from even informing inmates that they stand ready to provide them with legal advice and assistance in protecting them from unconstitutional jail conditions, Defendants can effectively insulate themselves from successful legal action that might be pursued on behalf of the individuals in their custody. Defendants should not be permitted to use their mail policy as a tool to keep inmates in the dark about the legal help that is available to them by blocking the ACLU's efforts to communicate important legal information.

4.      The facts in this Complaint are alarming. Not only are Defendants prohibiting ACLU attorneys from sending letters to individuals who are detained at the Livingston County Jail, they also have:

   a. failed to notify either the ACLU or the inmates to whom the legal mail is addressed that the mail was not being delivered to its intended recipients; and

   b. opened, read, shared, and published legal mail sent by an ACLU attorney to an inmate who no longer resides at the jail.

5.      The ACLU, for itself and on behalf of the inmates who are not receiving legal mail sent by ACLU attorneys and do not even know that the ACLU is attempting to contact them, seeks immediate relief from this Court to restore some of the most basic principles of constitutional law to the policies and practices of the Livingston County Jail.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution of the United States.

7.     Venue is proper under 28 U.S.C. § 1391 because this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## PARTIES

8.     Plaintiff American Civil Liberties Union Fund of Michigan ("ACLU") is a not-for-profit 501(c)(3) organization dedicated to protecting the individual rights and liberties that the Constitution guarantees to everyone in this country.

9.     Defendant Livingston County is a public municipal corporation organized under the laws of the State of Michigan.

10.     Defendant Bob Bezotte is the sheriff of Livingston County.  He is being sued in his official capacity.

11.     Defendant Tom Cremonte is the jail administrator for Livingston County.  He is being sued in his individual capacity and in his official capacity.

## FACTS

**The Postcard-Only Policy**

12.    Livingston County Jail is one of a growing number of jails in Michigan and other states to have implemented a controversial "postcard only" policy for inmate mail.

13.    Defendants' website states, "All mail, except bona-fide legal mail, will be by standard white post cards with no pictures.  This is both incoming and outgoing mail."  (Exhibit A.)

14.    The constitutionality of Defendants' postcard-only policy is currently the subject of litigation before this Court in *Prison Legal News v. Bezotte*, Case No. 11-cv-13460-DPH.

**The ACLU's Prison Reform Work and Opposition to Postcard-Only Policies**

15.    Plaintiff ACLU is the Michigan affiliate of a nationwide organization whose mission is to protect and defend the constitutional rights and civil liberties of everyone in the country, including the least popular members of our society.

16.    The ACLU works in the courts, legislatures, and our communities to advocate for civil rights and civil liberties for all.

17.    The ACLU is not a general legal services organization, but becomes involved in cases—either as an amicus curiae or through its attorneys' direct representation of parties—when substantial civil liberties issues are involved.

18.     The United States Supreme Court has specifically recognized that for the ACLU, litigation is not a technique of resolving private differences, but is instead a form of political expression and political association protected by the First Amendment.

19.     Plaintiff and the national ACLU have long been dedicated to protecting the constitutional rights of prisoners.

20.     The ACLU has had a national prison project in Washington, D.C. for over 40 years.  Through litigation, advocacy, and public education, the national prison project works to ensure that conditions of confinement are constitutional and consistent with health, safety, and human dignity.  Its mission includes ending cruel and degrading conditions of confinement, and increasing public accountability and transparency of jails, prisons, and other places of detention. (Exhibit B.)

21.     In Michigan, the ACLU has been involved in dozens of prisoners' rights cases, either through direct representation of inmates or as amicus curiae. Recent ACLU cases involving prisoners' rights in Michigan include *Abner v. Saginaw County*, Case No. 05-cv-10323 (E.D. Mich.) (naked detention); *Alame v. Smetka*, Case No. 08-cv-10777 (E.D. Mich.) (mail written in foreign languages); *Bogle v. Raines*, Case No. 09-cv-1046 (W.D. Mich.) (attorney-client telephone calls); *Dowdy-El v. Caruso*, Case No. 06-cv-11765 (E.D. Mich.) (religious meals

6

and services); *Dunmire v. Isabella County*, Case No. 12-cv-14807 (E.D. Mich.)
(sex discrimination and exercise space); *Hadix v. Caruso*, Case No. 92-cv-110
(W.D. Mich.) (ongoing structural reform case involving medical and mental health
care); and *Mason v. Granholm*, Case No. 06-cv-73943 (E.D. Mich.) (prisoners'
rights under the Michigan Elliott-Larsen Civil Rights Act).

22.     In addition to the cases listed above, ACLU attorneys have previously
represented Livingston County Jail inmates in challenging the unconstitutional
conditions of their confinement.  In *Cox v. Homan*, Case No. 00-cv-71310 (E.D.
Mich.), ACLU attorneys represented a class of over 100 female inmates who were
required to shower and use the toilet in view of male guards, were subjected to
cross-gender body searches, and were denied exercise and work opportunities
comparable to those that male prisoners received.  The case was resolved by a
consent judgment in 2004.  (Exhibit C.)

23.     The ACLU believes that postcard-only mail policies such as the one
adopted by Defendants represent a serious threat to the constitutional rights of
inmates as well as their families.  Attorneys associated with the ACLU affiliates in
Colorado and Florida, working with the legal staff of the ACLU's national prison
project, have been class counsel in recent or ongoing lawsuits challenging
postcard-only mail policies, *see Hamilton v. Hall*, Case No. 10-cv-355 (N.D. Fla.);
*Clay v. Pelle*, Case No. 10-cv-1840 (D. Colo.), and the ACLU of Washington

submitted an amicus curiae brief supporting Prison Legal News' challenge to a postcard-only mail policy in the Spokane County Jail, *see Prison Legal News v. Spokane County*, Case No. 11-cv-29 (E.D. Wash.).

24.     In Michigan, the ACLU filed an amicus curiae brief in *Prison Legal News v. Bezotte*, *supra*, urging this Court to rule that Livingston County's postcard-only policy is unconstitutional.

25.     Apart from the ACLU, concerned citizens have organized around the postcard-only issue:

      a.    In Muskegon County, Michigan, a community group that calls itself "Letters Are Better" has formed to advocate an end to a postcard-only policy in the Muskegon County Jail.  (Exhibit D.)

      b.    The Prison Policy Initiative, a non-profit organization based in Massachusetts, has published a report, *Return to Sender: Postcard-Only Mail Policies in Jails*, documenting the troubling new trend of postcard-only policies in local jails throughout the country.  (Exhibit E.)

**The ACLU Sends Legal Mail to Livingston County Inmates**

26.     In *Prison Legal News v. Bezotte*, *supra*, this Court recognized that Defendants' postcard-only policy "robs inmates and non-inmates of the meaningful expression that the Constitution protects."  However, the Court declined to enter a

preliminary injunction against the policy because the plaintiff in that case, Prison Legal News, had failed to demonstrate that its own rights were being violated.

27.     Recognizing that ending Defendants' postcard-only policy may require inmates themselves to take legal action, the ACLU decided to reach out to inmates who are currently detained by Defendants and are therefore subject to the restrictions of the policy.

28.     On February 19, 2014, an ACLU attorney mailed 25 letters in envelopes addressed to individually named inmates at the Livingston County Jail. The envelopes were clearly marked "legal mail," and the attorney's name and Michigan bar number appeared in the return-address portion of the envelope above the ACLU's logo and address.  The letters inside the envelopes were also clearly marked "legal mail" at the top, were printed on ACLU letterhead, and were signed by the ACLU attorney who identified himself as such.

29.     The content and appearance of the letters is substantially reproduced as Exhibit F to this Complaint.

30.      As can be seen from Exhibit F, the ACLU attorney's letters expressed concern that the postcard-only policy is unconstitutional and offered to meet with inmates, upon their request, to provide legal advice or assistance regarding that issue.  The letters provided inmates with a form to fill out and return to the ACLU if they wished to request a meeting with an ACLU attorney.

**Defendants' Censorship of ACLU Legal Mail**

31.    The ACLU letters described above were received by Defendants at the jail on or about February 21, 2014.

32.    The ACLU has not received any responses to its letters.

33.    After mailing the letters, the ACLU became aware of deposition testimony by Defendant Tom Cremonte, the jail administrator, regarding Defendants' treatment of legal mail.  Relevant portions of the deposition testimony is attached as Exhibit G.

34.    As can be seen from Exhibit G:

      a.    Defendants do not deliver legal mail sent by an attorney to an inmate unless the mail is sent by the inmate's "attorney of record" in an ongoing court case;

      b.    Defendants do not deliver legal mail when an attorney from outside the county writes to four or five inmates; and

      c.    Defendants do not deliver legal mail sent by an attorney to an inmate if jail officials conclude that the letter is a "mass mailing."

35.    Based on the above testimony, and the fact that no responses were received from the inmates, Plaintiff believes that Defendants did not deliver, and

10

still have not delivered, any of the ACLU's letters to any of the inmates to whom they were individually addressed.

36.    Based on the desposition testimony by Defendant Cremonte, Plaintiff believes that the ACLU's letters remain in Defendants' custody.

37.    Defendants did not notify the ACLU that they were not delivering the letters to the inmates to whom they were individually addressed, even though the envelopes and letters were clearly marked "legal mail" and an attorney's name, Michigan bar number, address and affiliation with the ACLU were prominently displayed.

38.    Based on the deposition testimony by Defendant Cremonte, and the fact that no inmates have contacted the ACLU, Plaintiff believes that Defendants also did not inform the inmates in their custody to whom the letters were addressed that an ACLU attorney was trying to contact them.

39.    At least one of the ACLU's letters was addressed to an inmate named Thomas Isaac.

40.    According to Defendants' email attached as Exhibit H, Mr. Isaac apparently no longer resided at the Livingston County Jail when the letter that was addressed to him arrived there.

41.    However, Defendants did not mark this piece of mail "return to sender" and turn it over to the United States Postal Service.

42.     Instead, as can been seen from the documents attached as Exhibit H, Defendants:

      a.     opened the letter;

      b.     read the contents of the letter;

      c.     sent a scanned copy of the letter via email to the attorneys who represent them in *Prison Legal News v. Bezotte*, under the email subject line "ACLU legal mail"; and

      d.     through their attorneys, published the contents of the letter as a public court document accessible via PACER.

## CLAIMS FOR RELIEF

43.     Under 42 U.S.C. § 1983, state actors are liable at law or equity for their acts or omissions undertaken under color of law which deprive any person of the rights secured by the Constitution and laws of the United States.

44.     Defendants are state actors and, at all times relevant to this Complaint, were acting and are acting under color of law.

## COUNT ONE
## VIOLATION OF FIRST AMENDMENT
## (BLOCKING MAIL)

45.     Defendants violated, and continue to violate, the First Amendment, by blocking delivery of legal mail sent by an ACLU attorney and individually addressed to inmates in Defendants' custody.

46.    Defendants' policy and practice of not to delivering legal mail sent by attorneys and individually addressed to inmates in their custody violates the First Amendment.

## COUNT TWO
## VIOLATION OF FIRST AMENDMENT
## (READING AND PUBLISHING MAIL)

47.    Defendants violated the First Amendment by reading the content of legal mail sent by an ACLU attorney and individually addressed to an inmate in Defendants' custody, and by publishing the content of that mail to counsel, to the court, and to the public.

## COUNT THREE
## VIOLATION OF FOURTEENTH AMENDMENT
## (DUE PROCESS)

48.    Defendants violated, and continue to violate, the due process requirement of the Fourteenth Amendment by blocking delivery of legal mail sent by an ACLU attorney and individually addressed to inmates in Defendants' custody, without providing the sender or intended recipient of the letter with notice that it is not being delivered and an opportunity to contest the decision not to deliver it.

49.    Defendants' policy and practice of rejecting incoming mail without providing the sender and addressee with notice and an opportunity to contest the decision violates due process.

## RELIEF REQUESTED

Based on the foregoing, Plaintiff requests that this Court:

  a.   assert jurisdiction over this matter;

  b.   enter judgment in favor of Plaintiff and against Defendants;

  c.   enter declaratory relief as follows:

   i.   The First Amendment prohibits Defendants from refusing to promptly deliver properly marked legal mail sent by an attorney and individually addressed to an inmate in Defendants' custody;

   ii.   In the event Defendants do not promptly deliver mail addressed to an inmate, due process requires Defendants to take reasonable steps to provide individualized notice and an opportunity to be heard to the intended recipient and to the sender of the mail; and

   iii.   The First Amendment prohibits Defendants from reading, sharing, or publishing the content of legal mail addressed to an inmate without a search warrant or probable cause that the communicative content of the mail poses an imminent threat to jail security;

  d.   enter temporary, preliminary, and/or permanent injunctive relief as follows:

   i.   order Defendants to immediately deliver the ACLU's letters currently in Defendants' possession, custody or control to the inmates to whom they are addressed, or, if the inmate is no longer in Defendants' custody, return the letter to the ACLU with a suitable explanation for why it is being returned;

   ii.   enjoin Defendants from refusing to promptly deliver properly marked legal mail sent by an attorney and individually addressed to an inmate in Defendants' custody;

iii.  enjoin Defendants from failing to take reasonable steps to provide individualized notice and an opportunity to be heard to the intended recipient and to the sender of any mail that is individually addressed to an inmate but is not promptly delivered by Defendants to the inmate; and

iv.  enjoin Defendants from reading, sharing, or publishing the content of legal mail addressed to an inmate without either a search warrant or probable cause that the communicative content of the mail poses an imminent threat to jail security;

e.  award Plaintiff damages;

f.  award Plaintiff costs and reasonable attorneys' fees; and

g.  provide any other relief deemed just and equitable.

Respectfully submitted,

/s/ Daniel S. Korobkin
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
American Civil Liberties Union Fund
  of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org
msteinberg@aclumich.org

Attorneys for Plaintiff

Dated: March 24, 2014