UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CIVIL LIBERTIES
UNION FUND OF MICHIGAN,

      Plaintiff,

v.

LIVINGSTON COUNTY, BOB
BEZOTTE and TOM CREMONTE,

      Defendants.
_____/

Civil Action No. 14-11213

Honorable Denise Page Hood

## ORDER DENYING MOTION TO STAY PENDING APPEAL [#37]

**I.   BACKGROUND**

This matter is before the Court on a Motion to Stay the Court's Ruling in its Order Granting Plaintiff's Motion for Preliminary Injunction.  **[Docket No. 34, filed May 15, 2014]**  A Notice of Appeal to the Sixth Circuit Court of Appeals was filed on May 15, 2014.  **[Docket No. 35]**  On May 16, 2014, Defendants filed an Emergency Motion to Stay the Injunction Pending Appeal, **[Docket No. 37]** to which Plaintiff filed a Response.  **[Docket No. 38, filed May 19, 2014]**

**II.  ANALYSIS**

    **A.   Standard Governing Stay Pending Appeal**

Rule 8(a) of the Federal Rules of Appellate Procedure provides that a party seeking a stay of an order must first request a stay from the district court.  Pursuant

to Rule 62 of the Federal Rules of Civil Procedure, the following four factors are weighed in order to determine whether a stay pending appeal should be issued: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent the stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors should be balanced in light of the overall circumstances of the case. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

    **B.**    **Likelihood of Success**

The Defendants "rely upon and incorporate by reference § I of their response to Plaintiff[']s motion for preliminary injunction." **[Docket No. 24, Page ID 310-338]** They claim that the letters "do not contain privileged content or otherwise implicate the attorney-client relationship" and, further, that the letters are "solicitations- akin to direct mail advertisements—to which no privilege attaches." Defendants contend that Plaintiff had notice that the jail did not deliver its letters to the inmate addressees and opportunities to protest and challenge the censorship of its letters at the administrative level but chose to file a lawsuit rather than avail itself of these opportunities.

Plaintiff responds that the Defendants "simply rehash arguments that have been considered and rejected by this Court . . . [and] have failed to carry their burden[.]" **[Docket No. 38, Pg ID 687]** Plaintiff states that this Court has held that simply reasserting arguments that have been considered and dismissed "does not establish more than a mere possibility of success on the merits," and that "[t]he mere possibility of success on the merits is insufficient to justify a stay." *Bailey v. Callaghan*, Case No. 12-CV-11504-DPH, 2012 U.S. Dist. LEXIS 107525, at *4 (E.D. Mich. Aug. 1, 2012) (citing *Griepentrog*, 945 F.2d at 153). Instead, Plaintiff claims that a movant must demonstrate a probability of success that is "inversely proportional to the amount of irreparable injury [Defendants] will suffer absent the stay." *Id.*

A party seeking a stay pending appeal is "required to show, at a minimum, 'serious questions going to the merits.'" *In re DeLorean*, 755 F.2d at 1229. This Court finds that the Defendants have not shown serious questions going to the merits. The Court determined that the mail sent in this specific case by the ACLU qualified as "legal mail." This determination, coupled with the Defendants' reliance on the same arguments that this Court already addressed in the issuance of its Order Granting Plaintiff's Motion for Preliminary Injunction, demonstrate that the Defendants have failed to show a probability of success that is "inversely

proportional to the amount of irreparable injury [Defendants] will suffer absent the stay.

### C. Irreparable Harm to Movants and Harm to Others

The Defendants argue that they will suffer irreparable harm if this Court does not grant its motion for stay. Defendants contend that on its face, the injunction requires that the Defendants "treat all mail from Plaintiffs attorneys as legal mail." Because legal mail is not processed like ordinary mail but must be handled by Lieutenant Cremonte and the sergeants, Defendants argue that the injunction "requires Lieutenant Cremonte and [the] sergeants to devote more time to legal mail and less time to safety and security functions" which will "compromise safety and security." Defendants claim that this harm "cannot be undone."

Plaintiff responds that there is no irreparable injury. Even assuming that Defendants do work with limited resources, Plaintiff argues that Defendants' alleged need to "reallocate their limited resources" due to the Preliminary Injunction "hardly comprises irreparable harm." Plaintiff also claims that Defendants rely on "potential for violent confrontation and conflagration," and "vaguely intimate that processing legal mail will result in heightened Jail violence" but have "neither adequately alleged the likelihood of such substantial irreparable harm nor presented adequate proof that such harm is likely without a stay."

4

In evaluating the degree of injury to a movant, the key word in this consideration is "irreparable."  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The harm alleged must be both certain and immediate, rather than speculative or theoretical. *Wisconsin Gas Co. v. Federal Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).  A movant must provide some evidence that the harm has occurred in the past and is likely to occur again. *Michigan Coalition*, 945 F.2d at 154.

The Court again reiterates that "[t]he loss of First Amendment freedoms, for even minimal periods of time unquestionable constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  Having determined that the letters qualify as "legal mail," Defendants' decision to not deliver said letters and, further, not notify the Plaintiff that the letters were not being delivered is likely a violation of the constitutional rights of the inmates residing at the Livingston County Jail. Notwithstanding, Defendants have shown that it may suffer some level of harm if the injunction remains in place.

**D.     Public Interest and Balance of Harms**

The public interest in this case is to ensure the safety of the inmate population and jail personnel but also to ensure that the inmates constitutional right to legal representation are protected while residing at the Livingston County Jail.

The Court is satisfied that its injunction requiring the Livingston County jail to deliver mail sent by the ACLU that is of the nature discussed in its May 15, 2014, Order is a *de minimus* way to ensure both of these things occur.  "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998).  The court is also satisfied that in balancing the potential harms that may result in denial of this motion to stay, any claim of harm by Defendants is made less compelling by the fact that Defendants' actions likely infringe the constitutional rights of the inmates within their control.

Weighing and balancing the factors set forth above, the Court finds the Defendants have not shown that they are entitled to a stay of the Court's Order Granting Plaintiff's Motion for Preliminary Injunction.

### III.  CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendants' Emergency Motion to Stay Injunction Pending Appeal **[Docket No. 37, filed May 16, 2014]** is **DENIED**.


Dated:  May 27, 2014              s/Denise Page Hood
                                  Denise Page Hood
                                  United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2014, by electronic and/or ordinary mail.

                                                  s/LaShawn R.Saulsberry
                                                  Case Manager