**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMERICAN CIVIL LIBERTIES
UNION FUND OF MICHIGAN,

Civil Action No. 14-11213

      Plaintiff,

Honorable Denise Page Hood

v.

LIVINGSTON COUNTY, BOB
BEZOTTE and TOM CREMONTE,

      Defendants.

_____/

**ORDER REGARDING VARIOUS MOTIONS**
**and SETTING STATUS CONFERENCE DATE**

**I.  INTRODUCTION**

On March 24, 2014, Plaintiff American Civil Liberties Union Fund of Michigan ("Plaintiff" or "ACLU") filed the instant action against Defendants Livingston County, Bob Bezotte, and Tom Cremonte, challenging the constitutionality of Livingston County Jail's "post-card only" mail policy insofar as it pertains to mail sent by Plaintiff (or one of its attorneys) to inmates of the Livingston County Jail. The case was reassigned to the undersigned as a companion case to *Prison Legal News v. Livingston County Sheriff Bob Bezotte,* Case No. 11-13460 ("*Prison Legal*"). The ACLU alleges three counts pursuant to 42 U.S.C. § 1983: Violation of First

1

Amendment (Blocking Mail) (Count One); Violation of First Amendment (Reading and Publishing Mail) (Count Two); and Violation of Fourteenth Amendment (Due Process) (Count Three).

On April 11, 2014, this Court entered an Order granting Plaintiff's Motion for Temporary Restraining Order ("TRO"). [Docket No. 11, filed April 9, 2014] On April 25, 2014, the Court entered an Order extending the TRO through May 13, 2014. [Docket No. 24] On May 15, 2014, the Court entered an Order granting Plaintiff's Motion for Preliminary Injunction. [Docket No. 34] Pursuant to the Order granting preliminary injunction, the Court concluded that 25 letters dated February 19, 2014 that were sent by one of Plaintiff's attorneys to inmates at Livingston County Jail (the "ACLU Letters") constituted "legal mail" when: (1) the envelopes were labeled "legal mail," (2) the envelopes "clearly delineated" that the mail came from an ACLU attorney (the return address label on these envelopes included "an attorney's name and Michigan bar number . . . above the ACLU's logo and address"),  and (3) the content of each letter asked if the inmate was "interested in meeting with an ACLU attorney, or someone who works under the supervision of an ACLU attorney, *for the purpose of obtaining legal advice or assistance* regarding the Livingston County Jail's postcard-only mail policy." [Docket No. 34, PgID 632-33 (emphasis in Order)]

In the Order granting preliminary injunction, the Court held:

2

> Plaintiff has shown likelihood of success on its claim that the Livingston County Jail's postcard-only policy is in violation of the constitution inasmuch as legal mail sent from the ACLU was not delivered, the jail opened the letters and read the contents, and the jail failed to notify (based on its own admissions) the inmates or the ACLU that the mail was not being delivered. Plaintiff has met its burden that it will succeed on the merits of its constitutional claims as to the non-delivery of its "legal mail."

[Docket No. 34, PgID 634-35] The Court ordered that "Defendants are enjoined from not delivering any legal mail from the ACLU to any inmate consistent with above decision. If the inmate is no longer in custody, Defendants must return the mail forthwith to Plaintiff indicating same." [Docket No. 34, PgID 637]

The Sixth Circuit affirmed the Court's Order granting preliminary injunction when it denied Defendants' appeal [Docket Nos. 75 and 76], and the United States Supreme Court entered an order denying Defendants' petition for writ of certiorari on February 29, 2016. [Docket No. 81]

Currently before the Court are the following motions:

A.    Defendants' Motion to Strike [Docket No. 18]

B.    Defendants' Motion for Reconsideration of Order Granting Extension of Temporary Restraining Order [Docket No. 28]

C.    Defendants' Objections to Magistrate Judge's Order Granting in Part Plaintiff's Motion to Compel Depositions [Docket No. 63]

D.    Plaintiff's Motion to Extend Discovery Period [Docket No. 66]

E.    Plaintiff's Motion for Protective Order Under Fed. R. Civ. P. 26(b)(2)(C)

and 26(c)(1) [Docket No. 67]

The Motions have been fully briefed. A hearing on Plaintiff's Motion for Protective Order [Docket No. 67] was held on April 16, 2015. The Court, having concluded that the decision process on the remaining motions would not be significantly aided by oral argument, previously ordered that the motions be resolved on the motions and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2).

## II.    BACKGROUND

The following allegations are set forth in Plaintiff's Complaint.

The ACLU is a not-for-profit 501(c)(3) organization dedicated to protecting the individual rights and liberties that the United States Constitution guarantees to everyone in this country. [Compl. ¶ 8] The ACLU alleges that the Livingston County Jail severely restricts inmate communication with the outside world through a "postcard only" mail policy, which limits all incoming and outgoing mail to one side of a 4-inch by 6-inch postcard. [Compl. ¶ 2] The policy excepts legal mail, but the ACLU claims Defendants do not allow ACLU attorneys to write letters to inmates regarding the constitutionality of their conditions of confinement, including letters that would address the constitutionality of the postcard-only policy itself (*i.e.*, the ACLU Letters). [Compl. ¶ 2] Defendants failed to notify either the ACLU or the inmates to whom the ACLU Letter was addressed that the mail was not being delivered to its

4

intended recipients and opened, read, and shared one of the ACLU Letters.  [Compl. ¶ 4]

Livingston County Jail is one of a growing number of jails in Michigan and other states to have implemented a "postcard-only" policy for inmate mail.  [Compl. ¶ 12]  The United States Supreme Court has specifically recognized that for the ACLU, litigation is not a technique resolving private differences, but is instead a form of political expression and political association protected by the First Amendment. [Compl. ¶ 18]  The ACLU has long been dedicated to protecting the constitutional rights of prisoners. [Compl. ¶ 19]  In addition to numerous cases the ACLU has pursued that involve inmates, ACLU attorneys have previously represented Livingston Count Jail inmates in challenging the unconstitutional conditions of their confinement. [Compl. ¶ 22]  Recognizing that challenging Defendants' postcard-only policy may require legal action by inmates themselves, the ACLU decided to reach out to inmates who are currently detained by Defendants. [Compl. ¶ 27]

The ACLU claims that on February 19, 2014, an ACLU attorney mailed 25 of the ACLU Letters in envelopes addressed to individually named inmates at the Livingston County Jail. [Compl. ¶ 28]  The envelopes on each of the ACLU Letters was clearly marked "legal mail," and the attorney's name and Michigan bar number were on the envelope, along with the ACLU's logo and address.  [Compl. ¶ 28]  The

ACLU Letters expressed concern that the postcard-only policy is unconstitutional and offered to meet with the inmate, upon request, to provide legal advice or assistance regarding that issue. [Compl. ¶ 30]  The ACLU Letters provided the inmate with a form to fill out and return to the ACLU if the inmate wished to request a meeting with an ACLU attorney.  [Compl. ¶ 30]  The ACLU Letters were received by Defendants at the jail on or about February 21, 2014.  [Compl. ¶ 31]

The ACLU contends that it did not receive any responses to the ACLU letters. [Compl. ¶ 32] At some point, the ACLU became aware of deposition testimony by Defendant Cremonte in the *Prison Legal* case.  In that deposition, Defendant Cremonte testified that the Defendants do not deliver legal mail sent by an attorney to an inmate unless the mail is sent by the inmate's "attorney of record" in an ongoing court case. [Compl. ¶¶ 34-35] Defendant Cremonte further testified that the Defendants do not deliver legal mail when an attorney from outside of the county writes to four or five inmates and Defendants do not deliver legal mail sent by an attorney to an inmate if jail officials conclude that the letter is a "mass mailing." [Compl. ¶ 34]  Plaintiff believes that the ACLU Letters were not delivered to the designated inmates and, further, that the ACLU Letters remain in the Defendants' custody.  [Compl. ¶¶ 35-36]  Plaintiff asserts that it has not been notified that the ACLU Letters addressed to designated inmates were not delivered, in violation of its

6

constitutional rights. [Compl. ¶ 37] Plaintiff believes that the Defendants opened one of the ACLU Letter addressed to an inmate no longer in their custody, read the contents of the ACLU Letter, sent a scanned copy of one of the ACLU Letters via email to attorneys who represent the *Prison Legal* defendants, and Defendants' attorneys filed the ACLU Letter as a public court document via PACER. [Compl. ¶ 42]

III.   **ANALYSIS**

   A.   **Defendants' Motion to Strike [Docket No. 18]**

Defendants move the Court to strike Exhibit H to Plaintiff's Complaint ("Exhibit H"). Exhibit H contains an email from Defendant Cremonte to an attorney for Defendants, together with a copy of one of ACLU Letters sent to a one-time inmate of Livingston County Jail. The basis of the Motion to Strike is that the documents that have been filed as Exhibit H were inadvertently filed in the *Prison Legal* case. The Court notes that the Motion to Strike was filed concurrently with a motion to strike Exhibit 2 to Defendants' Motion for Sanctions in the *Prison Legal* case, and the concurrent motions set forth the same substantive arguments.

For the reasons set forth in the Court's Order dated March 31, 2015 [Docket No. 219 in *Prison Legal*], the Court concludes that Defendants have not demonstrated that the disclosure of the email from Defendant Cremonte to an attorney for

Defendants (together with a copy of one of the ACLU Letters) was inadvertent under Federal Rule of Evidence 502(b). As Exhibit H contains exactly the same documents and information as Exhibit 2 to the Motion for Sanctions in the *Prison Legal* case and because Exhibit 2 to Defendant's Motion for Sanctions in the *Prison Legal* case is on the public docket, the Court finds no basis for striking Exhibit H.

For the reasons set forth above, the Court finds that Defendants have not met their burden of demonstrating that the Court should strike Exhibit H. Defendant's Motion to Strike [Docket No. 18] is denied.

### B.    Defendants' Motion for Reconsideration [Docket No. 28]

On May 2, 2014, Defendants moved the Court to reconsider its April 25, 2014 Order granting Plaintiff's motion for extension of the TRO. On May 15, 2014, the Court granted Plaintiff's Motion for Preliminary Injunction. Defendants' Motion for Reconsideration of Order Granting Extension of Temporary Restraining Order [Docket No. 28] is denied as moot.

### C.    Defendants' Objections to Magistrate Judge's Order Granting in Part Plaintiff's Motion to Compel Depositions [Docket No. 64]

Plaintiff filed a Motion to Compel Depositions of Defendants and their staff, pursuant to which Plaintiff seeks to depose numerous persons regarding mail policies and procedures at the Livingston County Jail. Magistrate Judge R. Steven Whalen

ordered that Plaintiff had the right to depose certain persons for up to five hours each.[1] Defendants argue, however, that Plaintiff's Complaint does not "challenge[] Defendants' policy and practice" regarding the handling of "legal mail" or make a claim against the so-called "postcard-only" policy.  According to Defendants, Plaintiff only challenges Defendants' refusal to categorize letters from Plaintiff (or its attorneys) to jail inmates as "legal mail," such that it would be exempt from the postcard-only policy.

Defendants contend that resolution of this case requires "only that this [C]ourt declare whether the [Plaintiff's] letter [to Livingston County Jail inmates] is or is not 'legal mail.'"  Defendants assert that, because the Court has already ruled that Plaintiff's letter constitutes "legal mail" that "should be treated as such pursuant to already existing Livingston County Jail 'legal mail' policy," there are no issues left to address.[2]  Defendant further notes that Plaintiff "acknowledges" in its Complaint that "[t]he constitutionality of Defendants['] postcard-only policy is currently the

---

[1]On January 15, 2016, the parties stipulated that Plaintiff could depose Defendant Tom Cremonte and Defendants withdrew their objection to the Magistrate Judge's Order as it related to Defendant Cremonte. [Docket No. 80] It is unclear whether the deposition of Defendant Cremonte has been completed.

[2]In their objections, Defendants hedged that comment with the caveat that there would be issues to address if the Court reversed its conclusion that Plaintiff's letter is "legal mail." As the Sixth Circuit has held that Plaintiff's letter is "legal mail" (and the Supreme Court has denied certiorari), that caveat no longer remains possible.

subject of litigation before this Court in *Prison Legal News v. Bezotte*, Case No. 11-cv-13460-DPH."   For these reasons, Defendants contend that the Magistrate Judge clearly erred and ruled contrary to law because depositions of the proposed deponents are irrelevant – and duplicative of the depositions already conducted in *Prison Legal* – such that the burden and expense of the depositions vastly outweighs the benefit of the depositions.   Defendants assert that there is no benefit to the depositions.   As Defendants state:

> A nondispositive order entered by a magistrate judge is subject to review by the district judge. 28 U.S.C. § 636 (b)(1)(A) and Fed. R. Civ. P. 72 (a). The magistrate's order is subject to reversal or modification, if it is "clearly erroneous" or "contrary to law[.]" *Id*.

> As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26 (b)(1). In its discretion, however, a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" [by] forbidding particular discovery sought by another party. Fed. R. Civ. P. 26(c)(1)(A). *Serrano v. Cintas Corp.*, 699 F.3[d] 884, 899-900 (6[th] Cir. 2012).

> In specified circumstances, however, "the court *must* limit the frequency or extent of discovery otherwise allowed by the court rules." Fed. R. Civ. P. 26(b)(2)(C) . . . A district court must limit the frequency or extent of discovery if (1) "*the discovery sought is unreasonably cumulative or duplicative*" or (2) "*can be obtained from some other source that is more convenient, less burdensome, or less expensive*." Fed. R. Civ. P. 26(b)(2)(C)(i). Likewise, a district court must limit the frequency or extent of discovery if "*the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case*." Fed. R. Civ. P. 26(b)(2)(C)(iii).

(Docket No. 64, PgID 1031) (emphasis added by Defendants)

Plaintiff asserts that the Magistrate Judge's rulings cannot be reversed or modified as "contrary to law" for two reasons.  First, Plaintiff argues that the testimony that the proposed deponents gave in *Prison Legal*–at depositions that Plaintiff did not participate in or attend–were expressly limited on the subject of legal mail.  Second, Plaintiff argues that the depositions in *Prison Legal* did not concern the legal mail sent by Plaintiff  at issue in this case (the ACLU Letters), the Defendants' handling of it, or the factual allegations that Defendants have denied in answering Plaintiff's Complaint.  The Court agrees.

First, Defendants have provided no authority that requires Plaintiff to rely (solely or in part) on depositions from the *Prison Legal* case, a case that involves different legal issues than the instant matter.  Second, Defendants have offered no authority to support their contention that attorneys are precluded from taking depositions simply because the proposed deponent gave a deposition in a "related" matter.  Third, contrary to Defendants' statements, there are, at least arguably, factual issues that remain in this case.  For example, in their answer, Defendants: (1) deny that they "do not allow ACLU attorneys to write letters to inmates regarding the constitutionality of . . . conditions of confinement, including letters that would address the constitutionality of the postcard-only policy itself;" (2) deny that they have "failed

11

to notify either the ACLU or the inmates to whom the legal mail is addressed that the mail was not being delivered to its intended recipients;" (3) "neither admit[] or den[y]" (*i.e.*, Defendants do not answer) that "Defendants do not deliver legal mail sent by an attorney to an inmate unless the inmate's 'attorney of record' in an ongoing court case," (4) "neither admit[] or den[y]" (*i.e.*, Defendants do not answer) that they "do not deliver legal mail when an attorney from an attorney outside the county writes to four or five inmates," and (5) "neither admit[] or den[y]" (*i.e.*, do not answer) that they "do not deliver legal mail sent by an attorney to an inmate if jail officials conclude that the letter is a 'mass mailing.'" The fact that the Court granted preliminary injunction does not constitute a finding of fact on the issues in this case, nor does it award Plaintiff all of the relief it seeks in this matter. *See* Docket No. 1, PgID 14-15.

The Court also does not interpret Defendants' objections to the Magistrate Judge's Order to mean that Defendants stipulate to the relief sought by Plaintiff or that Defendants admit to the factual allegations set forth by Plaintiff, as discussed above. If Defendants do intend to stipulate to the factual allegations made by Plaintiff and/or the relief sought by Plaintiff, the Court directs the parties to provide the Court with a consent judgment to that effect. Absent such a consent judgment, however, the Court finds that the Magistrate Judge did not clearly err in ordering the depositions

12

of Defendants and certain of their staff, as the discovery sought is neither unreasonably cumulative or duplicative, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive. Rule 26(b)(2)(C)(i).

The Court denies Defendants' Objections to Magistrate Judge's Order Granting in Part Plaintiff's Motion to Compel Depositions. [Docket No. 64]  The Court also Orders Defendants to produce the designated deponees for depositions on or before May 20, 2016.

### D.    Plaintiff's Motion to Extend Discovery Period [Docket No. 66]

Plaintiff seeks to extend the discovery period in this case.  In essence, discovery has been tolled since Defendants filed their objections to the Magistrate Judge's Order.  Plaintiff contends that it will need an additional two months to conduct the depositions of Defendants and their staff discussed in Section III.C. above, as well as permit Plaintiff to "continue pursuing responses to its Second Set of Interrogatories and Second Set of Requests for the Production of Documents, neither of which Defendants have timely answered."

Defendants argue that: (1) the Court made a preliminary ruling on the central issue in this case, *i.e.*, that the ACLU Letters are legal mail, so the remaining scope of this case is limited, and (2) a ruling granting additional discovery would be

13

premature because the case is on appeal, such that the Plaintiff's motion should be held in abeyance until the appeal was decided.

The Sixth Circuit affirmed the Court's Order granting preliminary injunction over six months ago, however, so there is no longer a need to hold discovery in abeyance. In addition, the Court finds that an extension of the discovery period is warranted and necessary to complete the depositions discussed in Section III.C. above, as well as to resolve and complete any other remaining discovery issues that may exist. To the extent any discovery disputes remain, the parties are advised to file appropriate motions promptly, as last minute motions may not be considered.

Plaintiff's Motion to Extend Discovery Period [Docket No. 66] is granted.

### E.    Plaintiff's Motion for Protective Order [Docket No. 67]

Plaintiff asks the Court to preclude the depositions sought by Defendants pursuant to Defendants' Notice of Deposition Duces Tecum dated February 17, 2015 ("February 17 Notice"). In the February 17 Notice, Defendants seek to take the video deposition of Plaintiff representative(s) about the following topics and have Plaintiff produce "[a]ny and all documents that relate to areas of question identified in" each of the topics:

> 1.    The name of the recipient and date of any and all correspondence (email, telegram, facsimile, postcard, or letter) sent by anyone from the Michigan Chapter of the ACLU to a person believed to

14

be an inmate at the Livingston County Jail from January 1, 2000 to the present;

2.  The name of the sender and date of any correspondence (email, telegram, facsimile, postcard, or letter) from a person purporting to be an inmate at the Livingston County Jail sent to the Michigan Chapter of the ACLU from January 1, 2000 to the present;

3.  The name of the sender as well as the intended recipient and date of any correspondence (email, telegram, facsimile, postcard, or letter) between Plaintiff and any counsel for the Prison Legal News from January 1, 2009 to the present; and

4.  Any correspondence (email, telegram, facsimile, postcard, or letter) between the ACLU and counsel for the Prison Legal News that relates to in any fashion the Prison Legal News' litigation against Livingston County bearing United States District Court for the Eastern District of Michigan Case No. 2:11-cv-13460-DPHMAR.

### 1.  *Parts 1 and 2*

Plaintiff contends that the testimony sought would either be: (a) duplicative of information Defendants have already received, (b) privileged, or (c) irrelevant to this case.  With respect to the matters identified in parts 1, Plaintiff argues that the information Defendants are seeking is duplicative, as it is nearly identical to information requested in Defendants' first request for production of documents and second interrogatory.  In response to the previous discovery requests, Plaintiff provided a privilege log detailing the date and sender of any communications from Plaintiff to Livingston County Jail inmates since January 1, 2007.  Plaintiff argues the

15

information requested in part 1 also is untimely because Plaintiff provided their answers to the previous discovery requests, including the privilege log, over five months prior to the February 17 Notice.

Plaintiff also objects to the information sought in parts 1 and 2 as: (a) overbroad, because those requests seek information about correspondence for a 15 year period, (b) privileged, because the correspondence falls under the First Amendment right of association and the attorney-client privilege, and (c) irrelevant to any party's claim or defense in this case, because (i) the mail at issue in this litigation began with the letters that Plaintiff sent to inmates of Livingston County Jail on February 19, 2014, and (ii) there is no issue regarding outgoing mail.

Defendants argue that they are entitled to discovery regarding the alleged existence of an "association" or "attorney-client" relationship between Plaintiff and jail inmates.  Defendants further contend that determining the identities of the inmates is necessary because those inmates are essential witnesses regarding such relationships and even the contents of the correspondences to and from those inmates is relevant and necessary.

The Court finds that the information sought by Defendants in parts 1 and 2 is not discoverable because it is irrelevant.  First, based on the Court's and the Sixth Circuit's determination that the February 19, 2014 letters sent by Plaintiff to

Livingston County Jail inmates constituted legal mail, Defendants' contentions about needing to ascertain whether there was an association, attorney-client privilege, or the contents of the letters has been rendered moot. Second, any correspondence from Plaintiff to Livingston County Jail inmates that occurred prior to February 19, 2014 has no bearing on the issues being litigated in this case. Third, as there are no allegations in this litigation that Defendants prevented or interfered with inmates' outgoing mail, Defendants' request in part 2 has no bearing on the issues before this Court.

The Court finds that Defendants are not entitled to the information sought in parts 1 and 2.

### 2.    *Parts 3 and 4*

Plaintiff contends that the information sought by Defendants in parts 3 and 4, *i.e.*, information related to contacts and correspondence with Prison Legal News is irrelevant, overbroad and privileged under the "common interest" doctrine. Defendants' response regarding parts 3 and 4 is limited to arguing why the Court should reject Plaintiff's blanket reliance on the "common interest" doctrine as a privilege. The Court finds that it need not address Defendants' arguments regarding privilege or the breadth of the information sought.

17

The Court finds that the information sought by Defendants in parts 3 and 4 is wholly irrelevant to the present litigation.  Defendants repeatedly have stated, in one form or another, that "the only issue before the Court is the legal question of whether the ACLU's [February 19, 2014] must be categorized as 'legal mail' and handled according to the Defendants' practice for such mail."  Although the issues in this litigation may not be quite that simple, the scope of this litigation relates only to the matters associated with and stemming from the ACLU Letters and Defendants' manner of processing (or failing to process) that legal mail.  The instant case does not involve the Prison Legal News entity, any of Prison Legal News' activities, or any interaction between Plaintiff and Prison Legal News.  The Court concludes that Defendants are not entitled to discovery related to testimony or the correspondence(s) identified in parts 3 and 4.

### 3.   *Conclusion*

Plaintiff's Motion for Protective Order [Docket No. 67] is granted.

## IV.   CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendants' Motion to Strike **[Docket No. 18]** is **DENIED.**

18

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration of Order Granting Extension of Temporary Restraining Order **[Docket No. 28]** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Objections to Magistrate Judge's Order Granting in Part Plaintiff's Motion to Compel Depositions **[Docket No. 63]** is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants shall produce the designated deponees for depositions on or before May 20, 2016.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery Period **[Docket No. 66]** is **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery shall be completed by June 3, 2016.

**IT IS FURTHER ORDERED** that the parties shall **APPEAR FOR A STATUS CONFERENCE** before the undersigned on June 15, 2016, at 2:30 PM.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order Under Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1) **[Docket No. 67]** is **GRANTED**.

**IT IS SO ORDERED.**

S/Denise Page Hood
Chief Judge, United States District Court

Dated:  March 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager