## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMERICAN CIVIL LIBERTIES
UNION FUND OF MICHIGAN,

                                       Civil Action No. 14-11213

     Plaintiff,

                                        Honorable Denise Page Hood

v.

LIVINGSTON COUNTY, BOB
BEZOTTE and TOM CREMONTE,

     Defendants.

_____/

## ORDER REGARDING PLAINTIFF'S MOTION FOR FACILITATION CONFERENCE AND TO HOLD DISCOVERY IN ABEYANCE [# 84]

On May 6, 2016, Plaintiff filed a Motion for Facilitation Conference and to Hold Discovery in Abeyance. [Docket No. 84] No response was filed. A hearing was held on Monday, May 16, 2016. For the reasons that follow, Plaintiff's Motion is granted.

## I.     BACKGROUND

On March 24, 2014, Plaintiff American Civil Liberties Union Fund of Michigan ("Plaintiff") filed the instant action against Defendants Livingston County, Bob Bezotte, and Tom Cremonte, challenging the constitutionality of Livingston County Jail's "post-card only" mail policy insofar as it pertains to mail sent by Plaintiff (or one of its attorneys) to inmates of the Livingston County Jail. On April 11, 2014, this

Court entered an Order granting Plaintiff's Motion for Temporary Restraining Order ("TRO"). [Docket No. 11]  On April 25, 2014, the Court entered an Order extending the TRO through May 13, 2014. [Docket No. 24]  On May 15, 2014, the Court entered an Order granting Plaintiff's Motion for Preliminary Injunction. [Docket No. 34]  The Sixth Circuit affirmed the Court's Order granting preliminary injunction when it denied Defendants' appeal [Docket Nos. 75 and 76], and the United States Supreme Court entered an order denying Defendants' petition for writ of certiorari on February 29, 2016. [Docket No. 81]

While the appeals were pending, Plaintiff filed a Motion to Compel Depositions of Defendants and their staff, pursuant to which Plaintiff sought to depose numerous persons regarding mail policies and procedures at the Livingston County Jail.  On December 11, 2014, Magistrate Judge R. Steven Whalen ordered that Plaintiff had the right to depose certain persons, although if it was a person who had been deposed in *Prison Legal*, the deposition was limited to five hours each.  On December 19, 2014, Defendants objected to the Magistrate Judge's Order.

On March 31, 2016, the Court issued an Order denying Defendants' objections and Ordered Defendants to produce the designated deponees for depositions on or before May 20, 2016.  In the March 31, 2016 Order, the Court also extended discovery until June 3, 2016.

## II.    PLAINTIFF'S MOTION

Plaintiff contends that, beginning on March 15, 2016, Plaintiff (through its counsel) has corresponded with Defendants' counsel regarding whether it made sense to try to resolve the case and proposed a facilitation before the Magistrate Judge.  By mid-April, Defendants' counsel indicated that a foundation for doing so existed and that he was willing to pursue facilitation, but he needed to get approval of his client. On May 5, 2016, Defendants' counsel allegedly requested a settlement proposal and additional information regarding the parameters of the discussions to be had in facilitation.  Based on the need to conduct its depositions by May 20, 2016, Plaintiff filed the instant Motion.

In its Motion, Plaintiff asks the Court to issue an Order:

(A)    Directing the parties to engage in a facilitation conference before a magistrate judge; and

(B)    Staying the discovery deadlines pending a completion of the facilitation conference.

At the hearing, Plaintiff reiterated the basis for its Motion.  Defendants agreed that a facilitation conference is in the best interests of the parties and judicial economy.  Defendants requested that the Court require the parties exchange proposals regarding the results they seek at facilitation.

The Court agrees that a facilitation conference is in the best interests of the

parties and the Court.  The Court also finds that, if the parties cannot settle this matter at the facilitation conference, discovery must be completed promptly, including the required depositions.

The Court grants Plaintiff's Motion.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Facilitation Conference and to Hold Discovery in Abeyance [Dkt. No. 84] is **GRANTED.**

**IT IS FURTHER HEREBY ORDERED** that the parties to attend a facilitation conference conducted by Magistrate Judge David R. Grand on June 6, 2016, at 9:30 a.m. at the United States Federal Courthouse, 200 East Liberty Street, Chambers 100, Ann Arbor, Michigan 48104.

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendants with its proposed resolution of this matter no later than May 27, 2016, and Defendants shall provide Plaintiff with its proposed resolution of this matter no later than June 1, 2016.

**IT IS FURTHER ORDERED** that Plaintiff and Defendants shall provide Magistrate Judge David R. Grand with any materials and/or information ordered by Magistrate Judge David R. Grand, plus the proposals that the Court ordered the parties to exchange, on the earlier of June 2, 2016 or the date Magistrate David R. Grand may

order the parties to provide him with materials and/or information.

**IT IS FURTHER ORDERED** that, in the event the parties do not settle this matter when appearing before Magistrate Judge David R. Grand, the parties shall immediately notify the chambers of the undersigned (before leaving the Ann Arbor courthouse) so that the Court may establish a new discovery cut-off date and a date for a status conference.

**IT IS SO ORDERED.**


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  May 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager